UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER JOHN SALAZAR,

Plaintiff,

v.

M. TORRES, et al.,

Defendants.

No.  2:24-cv-01745 SCR P

ORDER

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the undersigned is plaintiff's complaint for screening under 28 U.S.C. § 1915A. (ECF No. 1.)  For the reasons set forth below, plaintiff's complaint states an Eighth Amendment deliberate indifference to excessive risks of harm claim against defendant Torres, but no other cognizable claims.  Plaintiff will be given the option of proceeding on his cognizable claim or filing an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  (ECF No. 2.)  He has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one

1    lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial

2    partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order

3    directed to CDCR requires monthly payments of twenty percent of the prior month's income to be

4    taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid

5    in full.  See 28 U.S.C. § 1915(b)(2).

6                                    **STATUTORY SCREENING**

7          The court is required to screen complaints brought by prisoners seeking relief against "a

8    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

9    performing this screening function, the court must dismiss any claim that "(1) is frivolous,

10   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

11   from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous

12   when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

13   (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

14   legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

15   inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

16   factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

17         In order to avoid dismissal for failure to state a claim a complaint must contain more than

18   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

19   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

20   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

22   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

23   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

24   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

25   considering whether a complaint states a claim, the court must accept the allegations as true,

26   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

27   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

28   /////

                                              2

1

**PLAINTIFF'S COMPLAINT**

2       The incident underlying the complaint occurred on October 10, 2023, during plaintiff's

3   transfer from Modesto County Jail to Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  The

4   complaint alleges Eighth Amendment violations resulting in serious injuries against four

5   defendants: (1) M. Torres, Modesto Sheriff Deputy; (2) O. Perez, Modesto Sheriff Deputy; (3)

6   Shonda, a nurse at Modesto Jail; and (4) Brooklyn, a nurse at Modesto Jail.[1]  (Id. at 2.)

7       Defendants M. Torres and O. Perez placed plaintiff in a Chevy Suburban while he was in

8   leg restraints and waist chains.  (ECF No. 1 at 3.)  Defendants did not fasten his seat belt.  (Id.)

9   The car was driven by defendant Torres.  Suddenly, the car jerked fast and hard from side to side.

10  (Id.)  Plaintiff could not stop from being thrown into the cage.  (Id. at 3.)  He hit the cage three or

11  four times.  (Id. at 4.)  Defendants said they hit a tire in the road.[2]  The car had a bent rim and a

12  flat tire.  (Id. at 3.)  Plaintiff alleges Torres was driving "way over" the posted speed limit.  (Id. at

13  4.)

14      Plaintiff had to be transported back to the jail to be seen by medical due to the severity of

15  his injuries.  It was dark when he arrived and two nurses with flashlights looked at him.  (ECF

16  No. 1 at 5.)  Their names in defendant Torres' report were Nurse Shonda and Nurse Brooklyn.

17  One nurse asked, "Where does it hurt?"  Plaintiff said he was dizzy and his head, neck, chest arm,

18  and leg hurt.  (Id.)  One nurse asked whether he was bleeding.  Plaintiff said, "I don't know!"

19  One of the nurses then said, "You look OK."  (Id.)  The exam took 1 or 2 minutes.  Plaintiff was

20  then transported back to MCSP where he was diagnosed with a serious concussion as well as a

21  serious leg injury that required physical therapy for months.  (Id.)

22      Plaintiff seeks money damages and costs for his pain and suffering.  He also requests that

23  both officers be disciplined for not putting him in the car seat belt, and that the two nurses be

24  fired for not taking his injuries seriously.  (ECF No. 1 at 6.)

25  ───────────────

26  [1]  Per defendant Torres' report attached to plaintiff's complaint, defendants Shonda and Brooklyn
    are Wellpath employees.  (ECF No. 1 at 11.)

27  [2]  Per defendant Torres' report, the vehicle struck a "large tire" in the middle of the road.  Torres
    did not see the tire until he was close "due to low visibility and the elevated railroad track" in

28  front of it.  (ECF No. 1 at 11.)

**DISCUSSION**

**I.      Eighth Amendment Deliberate Indifference to Excessive Risk of Harm**

The complaint alleges defendants Torres and Perez caused plaintiff physical injuries in violation of the Eighth Amendment.  (ECF No. 1 at 3.)  The undersigned construes this claim as alleging an Eighth Amendment claim for deliberate indifference to excessive risks of harm.

**A. Legal Standard**

Prison officials have a duty under the Eighth Amendment to avoid an excessive risk to inmate safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To state a claim under the Eighth Amendment based upon a defendant's failure to prevent injury, a plaintiff must allege that defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm."  Id.  Deliberate indifference is more than mere negligence, but less than purpose or knowledge.  See id. at 836.  A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837, accord Harrington v. Scribner, 785 F.3d 1299, 1304 (9th Cir. 2015) ("Our cases support the proposition that obviousness of a risk may be used to prove subjective knowledge") (citing Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013), and Thomas v. Ponder, 611 F.3d 1144, 1152 (9th Cir. 2010)).

"[T]he Ninth Circuit has yet to find an Eighth Amendment deliberate indifference claim in the context of a prison guard's failure to secure an inmate's seatbelt during transport."  Hammitt v. El Dorado Cnty. Jail, No. 2:24-CV-2863 JDP PC, 2024 WL 5186715, at *2 (E.D. Cal. Dec. 20, 2024).  Other courts have been consistent in holding that a failure to provide or secure a seatbelt during transport, standing alone, may not give rise to a constitutional claim.  See Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012); Thomas v. Rodriguez, No. 3:16 CV 2211 AJB JMA, 2017 WL 3896738, at *3 (S.D. Cal. Sept. 6, 2017) (discussing cases).

However, courts have identified other factors that, if present, may give rise to an Eighth Amendment violation.  For example, after a thorough review of relevant authorities, a fellow judge of this district concluded that defendants' reckless driving, combined with their failure to

4

1    provide a seatbelt, "could lead to the inference that they acted with deliberate indifference in

2    failing to provide a seatbelt, rather than mere negligence." Bulkin v. Ochoa, No. 1:13 CV 0388

3    DAD EPG PC, 2016 WL 7159286, at *6-*8 (E.D. Cal. Dec. 7, 2016), report and recommendation

4    adopted, No. 1:13 CV 0388 DAD EPG PC, 2017 WL 414708 (E.D. Cal. Jan. 30, 2017); see also

5    Thomas, 2017 WL 3896738, at *4 ("[I]f the claim is combined with allegations that the driver

6    was driving recklessly, this combination of factors *may* violate the Eighth Amendment." (quoting

7    Wilbert v. Quarterman, 647 F. Supp. 2d 760, 769 (S.D. Texas 2009)) (emphasis in original).

8             **B.  Analysis**

9             As a preliminary matter, plaintiff's alleged injuries, including a "serious concussion," are

10   sufficiently serious harm for purposes of the Eighth Amendment. Cf. Spencer v. Hernandez, No.

11   1:23 CV 0397 ADA HBK PC, 2023 WL 5759227, at *3 (E.D. Cal. Sept. 6, 2023) (screening out

12   Eighth Amendment claim where plaintiff's finger injury resulting from defendants' alleged

13   failure to secure him to hydraulic lift was "not objectively sufficiently serious").

14            Turning to the subjective prong of the analysis, the undersigned finds that plaintiff has

15   alleged defendant Torres' deliberate indifference. The complaint claims defendant Torres did not

16   fasten plaintiff's seatbelt, and the court reasonably infers from the fact plaintiff was in waist

17   chains that he could not secure the seatbelt himself. Further, the complaint alleges that Torres

18   drove "way over" the posted speed limit, and that plaintiff was thrown into the cage three or four

19   times when the vehicle struck the tire in the road. Taken together, the allegations of Torres'

20   reckless driving, combined with his failure to fasten plaintiff's seatbelt, are minimally sufficient

21   to survive screening. See Steele v. CDCR, No. 1:19-CV-0471 AWI JLT PC, 2021 WL

22   12151156, at *4 (E.D. Cal. Apr. 27, 2021) (screening in seatbelt-related Eighth Amendment claim

23   where plaintiff alleged defendant drove transport van "extremely fast" and "disregard[ed] ...

24   motorist safety[.]"); Jamison v. YC Parmia Insurance Group, No. 2:14 CV 1710 GEB KJN P

25   2015 WL 8276333, at *3 (E.D. Cal., Dec. 9, 2015) (declining to dismiss deliberate indifference

26   claim based on allegations that the plaintiff was shackled and put in a van without a seatbelt

27   where the driver drove recklessly), reported and recommendation adopted, No. 2:14 CV 1710

28   GEB KJN P (E.D. Cal., Jan. 25, 2016).

Plaintiff, however, has not stated an Eighth Amendment claim against defendant Perez. While the complaint alleges defendant Perez, a passenger in the vehicle, failed to fasten plaintiff's seatbelt, it provides no further factual support for Perez's deliberate indifference. There are no facts from which to infer defendant Perez knew the driver, defendant Torres, would speed or swerve the car from side-to-side, or otherwise acted recklessly. See Hill v. Fields, No. 2:20 CV 2418 TLN DBP, 2021 WL 3708681, at *4 (E.D. Cal. Aug. 20, 2021) (screening out seatbelt-related Eighth Amendment claim where plaintiff failed to allege passenger-defendant was aware driver would brake suddenly after plaintiff fell). Accordingly, for screening purposes, plaintiff's complaint states an Eighth Amendment claim against defendant Torres only.

## II.    Eighth Amendment Deliberate Indifference to Serious Medical Needs

### A.  Legal Standard

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately

indifferent. <u>Jett</u>, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. <u>Id.</u> Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." <u>Farmer</u>, 511 U.S. at 837. This "subjective approach" focuses only "on what a defendant's mental attitude actually was." (<u>Id.</u> at 839.) A showing of merely negligent medical care is not enough to establish a constitutional violation. <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing <u>Estelle</u>, 429 U.S. at 105-106).

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." <u>Hamby v. Hammond</u>, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. <u>See, e.g.,</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, as for any § 1983 claim, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. <u>See</u> <u>Monell v. Dep't of Soc. Services</u>, 436 U.S. 658, 691–92 (1978); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980).

### B. Analysis

Plaintiff's concussion and other injuries are objectively serious medical needs. <u>See</u> <u>Jett</u>, 439 F.3d at 1096; <u>Estelle</u>, 429 U.S. at 104. However, the complaint does not allege sufficient facts to establish defendant Shonda's or Brooklyn's deliberate indifference. Their actions, including one defendant nurse's statement that plaintiff appeared to be OK, do not support the inference that they recognized, and disregarded, a substantial risk of serious harm.[3] The cursory, one- or two-minute exam in the dark that failed to diagnose plaintiff's injuries amounts to, at best,

---

[3] Moreover, in the report attached to the complaint, defendant Torres writes that plaintiff told the nurses that he "he felt fine" and wanted to go back to MCSP. (ECF No. 1 at 11.)

1    negligence that is not actionable under the Eighth Amendment. <u>See</u> <u>Frost</u>, 152 F.3d at 1130;

2    <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will

3    at a certain point rise to the level of constitutional violation, mere malpractice, or even gross

4    negligence, does not suffice").

5         Further, plaintiff does not allege how long defendants' actions delayed his access to

6    medical care, or whether the delay put him at further risk of serious harm. Plaintiff received

7    adequate care, including x-rays and physical therapy, when he arrived at MCSP, and it is not

8    evident that the same care would have been provided sooner had defendants accurately diagnosed

9    him. "Although [plaintiff's] treatment was not as prompt or efficient as a free citizen might hope

10   to receive, [he] was given medical care at the prison that addressed his needs." <u>Wood</u>, 900 F.2d

11   at 1334. Accordingly, plaintiff has not alleged an Eighth Amendment medical indifference claim

12   against defendants Shonda and Brooklyn.

13        **III.**    **Options From Which to Choose** .

14         After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

15   plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against

16   defendant Torres. However, the allegations in the complaint are not sufficient to state any claim

17   for relief against defendants Perez, Shonda, or Brooklyn.

18         Based on the court's screening, plaintiff has a choice to make. After selecting an option

19   from the two options listed below, plaintiff must return the attached Notice of Election form to

20   the court within 21 days from the date of this order.

21      **Option 1:** The first option available to plaintiff is to proceed immediately against

22   defendant Torres on the Eighth Amendment claim. By choosing this option, plaintiff will be

23   agreeing to voluntarily dismiss defendants Perez, Shonda, and Brooklyn. The court will proceed

24   to immediately serve the complaint and order a response from defendant Torres.

25      **Option 2:** The second option available to plaintiff is to file an amended complaint to fix

26   the problems described above regarding defendants Perez, Shonda, and Brooklyn. If plaintiff

27   chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file

28   an amended complaint.

1    If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

2  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

3  423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named

4  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

5  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

6  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

7  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

8  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

9  268 (9th Cir. 1982) (citations omitted).

10    Plaintiff is also informed that the court will not refer to a prior pleading to make his

11  amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an

12  amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

13  (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir.

14  2012).  **Thus, in an amended complaint, every claim and every defendant must be included.**

15                                   **CONCLUSION**

16    In accordance with the above, IT IS HEREBY ORDERED that:

17    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

18    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  appropriate agency filed concurrently herewith.

22    3.  Plaintiff's claims against defendants Perez, Shonda, and Brooklyn, do not state claims

23  for which relief can be granted.

24    4.  Plaintiff has the option to proceed immediately on his cognizable Eighth Amendment

25  claim against defendant Torres as set forth above, or to file an amended complaint.

26    5.  Within 21 days from the date of this order, plaintiff shall complete and return the

27  attached Notice of Election form notifying the court whether he wants to proceed on the screened

28  complaint or whether he wants to file an amended complaint.

6.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Perez, Shonda, and Brooklyn.

DATED: August 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER JOHN SALAZAR,                    No.  2:24-cv-01745 SCR P

12            Plaintiff,

13        v.                                NOTICE OF ELECTION

14   M. TORRES, et al.,

15            Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant

19        Torres without amending the complaint.  Plaintiff understands that by choosing this

20        option, the remaining defendants will be voluntarily dismissed without prejudice pursuant

21        to Federal Rule of Civil Procedure 41(a).

22

23   _____ Plaintiff wants time to file an amended complaint.

24

25   DATED:_____

26                                    _____
                                      Peter John Salazar
27                                    Plaintiff pro se

28

                                       1