UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHN SALAZAR,<br>Plaintiff,<br>v.<br>M. TORRES, et al.,<br>Defendants. | No. 2:24-cv-01745 SCR P<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the undersigned is plaintiff's first amended complaint ("FAC") for screening under 28 U.S.C. § 1915A. ECF No. 14. For the reasons set forth below, plaintiff's FAC states an Eighth Amendment deliberate indifference to substantial risk of harm claim against defendant Torres, but no other cognizable claims. Because granting further leave to amend would be futile, the undersigned recommends that the remaining defendants be dismissed.

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S FAC**

The FAC names four defendants: (1) Officer M. Torres; (2) Officer O. Perez; (3) Nurse Shonda; and (4) Nurse Brooklyn. ECF No. 14 at 1. Plaintiff alleges defendant Torres placed him in a Chevy Suburban for a trip back to prison from the county jail. Plaintiff was in leg restraints and waist chains. Id. at 1-2. Torres was in a hurry and failed to place the seatbelt on plaintiff. Id. at 2. A few minutes into the drive, the car jerked hard from side to side and plaintiff was thrown in the metal cage four or five times. Id. When the car came to a stop, Torres exited to check the damage and then checked on plaintiff. Plaintiff told Torres, "I think I have internal bleeding. Can you take me to a hospital?" Torres responded that he couldn't because they hit a tire in the road and the rim on the car was broken. Id.

Another car arrived to take plaintiff back to the county jail where they started. ECF No.

14 at 2. When they arrived, plaintiff was placed on a bench in the parking lot and was approached by two nurses and an officer. Id. at 3. One nurse took out a flashlight and asked: "Where does it hurt?" Plaintiff replied that his "head, stomache [sic], chest, arms and legs hurt." The nurse used the flashlight to look up and down at plaintiff and said, "I don't see any blood, he is good to go." The whole exam lasted no more than two minutes. Id.

The unnamed officer who arrived with the nurses approached defendant Perez and asked, "Who was driving?" Perez responded, "Torres." The officer then asked, "Was he speeding?" Perez shook his head to indicate "yes." ECF No. 14 at 3. Officer Perez then put plaintiff into a new car and fastened his seatbelt. Id. When they arrived at the prison over an hour later, defendant Perez took photos of plaintiff's injuries. Id. at 3-4, 5-6. A prison doctor saw plaintiff and diagnosed him with a serious concussion and placed him on 24-hour observation. Id. at 4. Upon seeing the x-rays, the doctor ordered physical therapy for months. Id.

Plaintiff's FAC raises an Eighth Amendment deliberate indifference to serious medical needs claim against the two nurse defendants, and an Eighth Amendment deliberate indifference to serious risk of harm claim against defendants Torres and Perez. ECF No. 14 at 4. By way of relief, he seeks $250,000 and $350 for filing fees. Id. at 7.

## LEGAL STANDARDS

### I. 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II. Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71

(1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## DISCUSSION

### I. Eighth Amendment Deliberate Indifference to Excessive Risk of Harm

#### A. Legal Standard

Prison officials have a duty under the Eighth Amendment to avoid an excessive risk to inmate safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment based upon a defendant's failure to prevent injury, a plaintiff must allege that defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." Id. Deliberate indifference is more than mere negligence, but less than purpose or knowledge. See id. at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, accord Harrington v. Scribner, 785 F.3d 1299, 1304 (9th Cir. 2015) ("Our cases support the proposition that obviousness of a risk may be used to prove subjective knowledge[.]") (citing Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013), and Thomas v. Ponder, 611 F.3d 1144, 1152 (9th Cir. 2010)).

#### B. Analysis

Beginning with the first prong, plaintiff's alleged injuries, including a serious concussion, are sufficiently serious harm for purposes of the Eighth Amendment. Cf. Spencer v. Hernandez, No. 1:23 CV 0397 ADA HBK PC, 2023 WL 5759227, at *3 (E.D. Cal. Sept. 6, 2023) (screening out Eighth Amendment claim where plaintiff's finger injury resulting from defendants' alleged failure to secure him to hydraulic lift was "not objectively sufficiently serious").

As to the second prong, "the Ninth Circuit has yet to find an Eighth Amendment

deliberate indifference claim in the context of a prison guard's failure to secure an inmate's seatbelt during transport." Hammitt v. El Dorado Cnty. Jail, No. 2:24-CV-2863 JDP PC, 2024 WL 5186715, at *2 (E.D. Cal. Dec. 20, 2024). Other courts have found a failure to provide or secure a seatbelt during transport, standing alone, does not give rise to a constitutional claim. See Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012); Thomas v. Rodriguez, No. 3:16 CV 2211 AJB JMA, 2017 WL 3896738, at *3 (S.D. Cal. Sept. 6, 2017) (discussing cases). However, a defendant's reckless driving, combined with a failure to provide a seatbelt, "could lead to the inference that they acted with deliberate indifference in failing to provide a seatbelt, rather than mere negligence." Bulkin v. Ochoa, No. 1:13 CV 0388 DAD EPG PC, 2016 WL 7159286, at *6-*8 (E.D. Cal. Dec. 7, 2016), report and recommendation adopted, No. 1:13 CV 0388 DAD EPG PC, 2017 WL 414708 (E.D. Cal. Jan. 30, 2017); see also Thomas, 2017 WL 3896738, at *4 ("[I]f the claim is combined with allegations that the driver was driving recklessly, this combination of factors *may* violate the Eighth Amendment.") (quoting Wilbert v. Quarterman, 647 F. Supp. 2d 760, 769 (S.D. Texas 2009) (emphasis in original).

The FAC's allegations minimally support an inference that defendant Torres acted with deliberate indifference. Plaintiff claims defendant Torres was in a hurry and failed to fasten plaintiff's seatbelt, and the court reasonably infers from the fact plaintiff was in waist chains that it was obvious he could not secure the seatbelt himself. Further, the FAC alleges that defendant Perez confirmed to the unnamed officer that Torres was speeding. Taken together, the allegations of Torres' speeding, combined with his failure to fasten plaintiff's seatbelt, are minimally sufficient to survive screening. See Steele v. CDCR, No. 1:19-CV-0471 AWI JLT PC, 2021 WL 12151156, at *4 (E.D. Cal. Apr. 27, 2021) (screening in seatbelt-related Eighth Amendment claim where plaintiff alleged defendant drove transport van "extremely fast" and "disregard[ed] ... motorist safety[.]"); Jamison v. YC Parmia Insurance Group, No. 2:14 CV 1710 GEB KJN P 2015 WL 8276333, at *3 (E.D. Cal., Dec. 9, 2015) (declining to dismiss deliberate indifference claim based on allegations that the plaintiff was shackled and put in a van without a seatbelt where the driver drove recklessly), reported and recommendation adopted, No. 2:14 CV 1710 GEB KJN P (E.D. Cal., Jan. 25, 2016).

Plaintiff, however, has not adequately linked defendant Perez to the alleged violation of his Eighth Amendment right. Plaintiff argues Perez "should have reasonab[ly] known" that Torres' speeding and failure to fasten his seatbelt "could have placed plaintiff at serious risk of harm," ECF No. 14 at 5-6, but there no factual allegations from which to infer than defendant Perez knew that Torres failed to fasten plaintiff's seatbelt. Without knowledge of this fact, Perez could not have drawn the inference of an excessive risk of harm. See Farmer, 511 U.S. at 837. Accordingly, for screening purposes, plaintiff's FAC states an Eighth Amendment claim against defendant Torres only.

## II. Eighth Amendment Deliberate Indifference to Serious Medical Needs

### A. Legal Standard

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act

or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer, 511 U.S. at 837. This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**B. Analysis**

Plaintiff's concussion and other injuries are objectively serious medical needs. See Jett, 439 F.3d at 1096; Estelle, 429 U.S. at 104. However, the FAC does not contain sufficient facts to plausibly show defendant Shonda's or Brooklyn's deliberate indifference. First, the claim fails for inadequate linkage, as the FAC does not identify the nurse who performed the allegedly constitutionally inadequate exam in the parking lot. Linkage issues aside, the factual allegations do not support the inference that either nurse recognized, and disregarded, a substantial risk of serious harm. At best, the cursory, two-minute exam in the dark that failed to diagnose plaintiff's injuries amounts to negligence that is not actionable under the Eighth Amendment. See Frost, 152 F.3d at 1130; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice[.]").

Further, while plaintiff complains that it took over an hour to reach the prison after the

nurses' exam, ECF No. 14 at 5, he does not allege that this delay put him at further risk of serious harm. Plaintiff received care, including x-rays, when he arrived at MCSP, and it is not evident that the same care would have been provided sooner had the nurse defendants accurately diagnosed him. "Although [plaintiff's] treatment was not as prompt or efficient as a free citizen might hope to receive, [he] was given medical care at the prison that addressed his needs." Wood, 900 F.2d at 1334. Accordingly, plaintiff has not alleged an Eighth Amendment medical indifference claim against defendants Shonda and Brooklyn.

### III. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Plaintiff's FAC, like his original complaint, states a cognizable Eighth Amendment claim against defendant Torres only. Plaintiff was given an opportunity to cure the deficiencies as to his claims against defendants Perez, Shonda, or Brooklyn, but has failed to do so. The undersigned finds that these deficiencies cannot be cured by further amendment and will recommend that defendants Perez, Shonda, and Brooklyn be dismissed from the action. By this order, the undersigned also finds service of the FAC appropriate for defendant Torres.

## CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court is directed to randomly assign a District Judge to this case.

2. Petitioner's FAC states a cognizable Eighth Amendment deliberate indifference to substantial risk of harm claim against defendant M. Torres, but no other cognizable claims.

3. In accordance with the above, service is appropriate for defendant M. Torres, employed as an Officer at the Stanislaus County Sheriff's Office and/or Modesto Jail.

4. The Clerk of the Court shall send plaintiff one (1) USM-285 form, one summons, an instruction sheet, and a copy of the FAC filed September 15, 2025 (ECF No. 14).

5. Within thirty (30) days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for defendant M. Torres; and

d. Two (2) copies of the endorsed FAC filed September 15, 2025.

6. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

In addition, **IT IS HEREBY RECOMMENDED** that:

1. For the reasons explained in the screening order above, defendants Perez, Shonda, and Brooklyn be dismissed from the action pursuant to 28 U.S.C. § 1915A(b)(1); and

2. The Clerk of the Court be directed to terminate defendants Perez, Shonda, and Brooklyn from the Docket.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE